(No. 14872.—Cause transferred.)

THE BOARD OF EDUCATION OF PARIS UNION SCHOOL DISTRICT No. 95, Appellee, *vs.* THE BOARD OF EDUCATION OF NON-HIGH-SCHOOL DISTRICT OF EDGAR COUNTY, Appellant.

*Opinion filed December 19, 1922.*

APPEALS AND ERRORS—*when Supreme Court has no jurisdiction of direct appeal from judgment in assumpsit against school board.* The Supreme Court has no jurisdiction of a direct appeal from a judgment in a suit in assumpsit by the board of education of a high school district against the board of education of a non-high-school district for an amount due because of the attendance of pupils of the latter district in the high school of the former, where the only error assigned is that the court erred in the construction of the law and its application to the evidence.

APPEAL from the Circuit Court of Edgar county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding.

SHEPHERD, TROGDON & DOLE, for appellant.

BURNIE McCLAIN, and STEWART W. KINCAID, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In the school year 1920-21 tuition pupils of non-high-school district of Edgar county attended the high school of Paris Union School District and the board of education of the non-high-school district became liable for its proportionate share of the cost of maintaining the high school, less the interest on bonded indebtedness. It acknowledged its liability to the extent of $15,151.65 and paid that amount. The board of education of the high school district claimed a larger sum and brought this suit in assumpsit for the balance.

The declaration was the common counts, and the parties differed as to the proper basis for arriving at a reasonable charge for depreciation and use of the school property. They submitted to the court two questions: "(1) Shall the depreciation of two per cent be based upon $90,000, the original cost of building and equipment, or upon $153,000, the fair cash market value of the building and equipment as of May 31, 1921? (2) Shall the five per cent for use be based upon $100,000, the original cost of grounds, building and equipment, or upon $173,000, the fair cash market value of the grounds, building and equipment as of May 31, 1921?" The court decided both questions for the plaintiff and entered judgment for $3230 and costs. The record has been brought to this court by appeal.

The only error assigned is that the court erred in the construction of the law and its application to the evidence and no ground of jurisdiction in this court is suggested. There does not appear to be any jurisdiction of this court on direct appeal, and the cause is transferred to the Appellate Court for the Third District.    *Cause transferred.*